UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARGARET VAIL,** | : | Case No. 1:08CV1741 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **CITIBANK, USA. N.A.,** *et al.,* | : | **MEMORANDUM & ORDER** |
| | : | |
| **Defendants.** | : | |

This action was removed to this Court on July 21, 2008, pursuant to a Notice of Removal filed by Allied Interstate Inc. ("Allied"). The matter was originally filed in the Richland County Court of Common Pleas, as Case No. 2008-CV-1199. On August 20, 2008, Plaintiff, Margaret Vail, filed a Motion to Remand (Doc. 6), contending that Allied's removal was defective because the other Defendants in the state court action had neither joined in the Notice of Removal , nor provided written consents thereto. Indeed, as Plaintiff points out, several of the other Defendants had filed answers to her complaint in Common Pleas Court, indicating a willingness to proceed in that jurisdiction. On these grounds, Plaintiff asserts that the Removal Petition violated the "rule of unanimity" imposed by 28 U.S.C. §1446 and that remand of this matter is mandated.

While the Defendants have variously filed motions to dismiss and/or answers to the complaint in this Court, none – not even Allied – has filed an opposition to the Motion to Remand. While two Defendants did file what they characterize as "Consents to Remove" (Docs. 12 and 13), they did so more than thirty (30) days after removal occurred, which itself was almost a full thirty (30) days after the action was commenced in state court. Interestingly, moreover, no Defendant has

argued to this Court that those consents operate to cure the procedural defect in the removal identified by the Plaintiff.

A review of the procedural posture of this case and of the governing law, easily explains Defendants' silence; there is simply nothing they could say in good faith to resist Plaintiff's Motion to Remand. As Plaintiff notes, "the rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court" and "[f]ailure to obtain unanimous consent forecloses the opportunity for removal under § 1446." Loftis v. United Parcel Service, Inc., *et. al.*, 342 F.3d 509, 516 (6th Cir. 2003).

Accordingly, because Plaintiff's Motion to Remand (Doc. 6) is both unopposed and well-taken, that motion is **GRANTED.** This matter is hereby **REMANDED** to the Richland County Court of Common Pleas, where it originated.

**IT IS SO ORDERED.**

                                                             s/Kathleen M. O'Malley
                                                      **KATHLEEN McDONALD O'MALLEY**
**Dated: September 19, 2008**                                  **UNITED STATES DISTRICT JUDGE**